Thomas S. Carter, Esq. (SBN 256876)
**THE LAW OFFICES OF THOMAS S. CARTER**
250 W. First Street, Suite 340
Claremont, CA 91711
Tel: 909.296.3360
Fax: 909.697.4444
tcarter@tscarterlaw.com

Attorney for Defendant LUCY YANG

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAERSK LINE;<br><br>     Plaintiff,<br><br>     v.<br><br>STARMAX METAL & SUPPLY, INC.;<br>LUCY YANG, individually and dba<br>STARMAX METAL & SUPPLY, INC.<br><br>     Defendants. | Case No. 5:18-cv-01541-SVW-SPx<br><br>**ANSWER TO COMPLAINT** |

Defendant LUCY YANG ("Defendant") answers the Complaint of Plaintiff MAERSK LINE ("Plaintiff"), admitting, denying, and alleging, as follows:

   Defendant denies each and every allegation not specifically admitted to herein.

## FIRST COUNT

1. As to Paragraph 1, Defendant neither admits nor denies the allegations because they are allegations of law, not fact.

2. As to Paragraph 2, Defendant lacks sufficient personal knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph and therefore denies each and every allegation therein.

3. As to Paragraph 3, Defendant admits the allegations therein.

4. As to Paragraph 4, Defendant neither admits nor denies the allegations because they are allegations of law, not fact.

5. As to Paragraph 5, Defendant lacks sufficient personal knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph and therefore denies each and every allegation therein.

6. As to Paragraph 6, Defendant admits that Plaintiff transported cargo for the benefit of Defendant during 2017 in the foreign commerce of the United States in the course and scope of Defendant's operations, but denies that Plaintiff has fully performed its tariff and contractual obligations. Defendant further states that Exhibit A of the Complaint fails to demonstrate such transportation and services, as Plaintiff's service contracts, bills of lading and/or freight bills, invoices, credit agreements and freight guarantees were either incomplete or wholly not included with this Complaint and therefore cannot be incorporated into the Complaint through reference, and therefore denies this allegation.

7. As to Paragraph 7, Defendant admits that Plaintiff has demanded that Defendant pay the amount allegedly due, but denies that Defendant has refused to pay. Defendant further states that Plaintiff is not owed the amount allegedly owed under said contracts because it has failed to perform the material terms of the contract.

8. As to Paragraph 8, Defendant denies the allegations therein.

9. As to Paragraph 9, Defendant neither admits nor denies the allegations because they are allegations of law, not fact. Defendant further states that it denies that owes Plaintiff in the amount of $56,767.99 plus reasonable attorneys' fees and interests.

## SECOND COUNT

10. As to Paragraph 10, Defendant incorporates into this response as though fully set forth herein each of its responses to paragraphs 1 through 9.

11. As to Paragraph 11, Defendant lacks sufficient personal knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph and therefore denies each and every allegation therein.

12. As to Paragraph 12, denies the allegations therein.

13. As to Paragraph 13, Defendant admits that Plaintiff has demanded that Defendant pay the amount allegedly due under said contracts, but denies that Defendant has refused to pay. Defendant further states that Plaintiff is not owed the amount allegedly owed under said contracts because it has failed to perform the material terms of the contract.

14. As to Paragraph 14, Defendant neither admits nor denies the allegations because they are allegations of law, not fact. Defendant further states that it denies that owes Plaintiff in the amount of $56,767.99 plus reasonable attorneys' fees and interests.

## THIRD COUNT

15. As to Paragraph 15, Defendant incorporates into this response as though fully set forth herein each of its responses to paragraphs 1 through 14.

16. As to Paragraph 16, Defendant denies the allegations therein.

17. As to Paragraph 17, Defendant denies the allegations therein.

## FOURTH COUNT

18. As to Paragraph 18, Defendant incorporates into this response as though fully set forth herein each of its responses to paragraphs 1 through 17.

19. As to Paragraph 19, Defendant denies the allegations therein.

20. As to Paragraph 20, Defendant denies the allegations therein.

## AFFIRMATIVE DEFENSES

As separate and distinct affirmative defenses to the Complaint on file in this action, Defendant alleges as follows:

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

Plaintiff's has failed to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Lack of Subject Matter Jurisdiction)

Plaintiff's claims are barred for lack of subject matter jurisdiction because the case lacks a federal question, and diversity jurisdiction's amount in controversy has not been meet.

### THIRD AFFIRMATIVE DEFENSE
### (Statute of Limitations)

Plaintiff's claims are barred or limited, in whole or in part, by the applicable statute of limitations.

### FOURTH AFFIRMATIVE DEFENSE
### (Estoppel)

Plaintiff's claims are barred or limited, in whole or in part, by the doctrine of estoppel.

/ / / /

/ / / /

/ / / /

## FIFTH AFFIRMATIVE DEFENSE

### (Laches)

Plaintiff's claims are barred or limited, in whole or in part, by the doctrine of laches.

## SIXTH AFFIRMATIVE DEFENSE

### (Waiver)

Plaintiff's claims are barred by the doctrine of waiver.

## SEVENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

Plaintiff's claims are barred because of the equitable doctrine of unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE

### (Plaintiff's Own Actions)

Plaintiff's claims are barred because Plaintiff prevented Defendant from performing under the contract.

## NINTH AFFIRMATIVE DEFENSE

### (Force Majeure)

Plaintiff's claims are barred because of the doctrine of force majeure, and was caused by the actions, inactions, or omissions of non-parties.

## TENTH AFFIRMATIVE DEFENSE

### (Fair Market Value)

Plaintiff's claims are limited to the fair market value of the goods or services provided.

/ / / /

/ / / /

## ELEVENTH AFFIRMATIVE DEFENSE
### (Offset)

Defendant asserts that Plaintiff owes money or other valuable consideration to Defendant, and that as a result, Plaintiff owes less than the value amount claimed by Plaintiff.

## TWELFTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

Plaintiff failed to take reasonable steps to reduce or minimize the damages experienced.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Absence of Fault)

Plaintiff's claims are barred because there is no fault on the part of Defendant.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (No Damages)

Plaintiff's claims are barred because Plaintiff has not suffered, cannot prove, and has not properly pleaded, damages as a result of the conduct alleged in the Complaint, and the asserted claims against Defendants do not warrant recovery of damages.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (No Attorney's Fees)

Plaintiff is not entitled to attorney's fees because in civil actions, each party must bear its own legal fees, unless otherwise provided for by agreement.

/ / / /

/ / / /

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

Plaintiff's claims are barred because Plaintiff would be unjustly enriched if it prevailed on the Complaint.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Additional Affirmative Defenses)

Defendant reserves the right to assert additional affirmative defenses in the event discovery and/or investigation indicates that additional affirmative defenses are applicable.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff take nothing by way of its complaint;
2. For costs of incurred herein;
3. For attorney's fees, to the extent recoverable; and
4. For such other and further relief as the Court may deem just and proper.

DATED: August 15, 2018           THE LAW OFFICES OF
                                 THOMAS S. CARTER


                                 By: /s/ Thomas S. Carter
                                 THOMAS S. CARTER, ESQ.
                                 Attorney for Defendant,
                                 Lucy Yang

# CERTIFICATE OF SERVICE

    I certify that on August 15, 2018, I filed the foregoing an all attachments through the Court's CM/ECF System and that an electronic copy will therefore be served on counsel for Plaintiff.

By: /s/ Thomas S. Carter
Thomas S. Carter, Esq.
**THE LAW OFFICES OF THOMAS S. CARTER**
250 W. First Street
Suite 340
Claremont, CA 91711
Tel. 909.296.3360
Fax. 909.697.4444
tcarter@tscarterlaw.com

Attorney for Defendant,
Lucy Yang